IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| TYLER BAKER, individually and on behalf of The University of Vermont Medical Center 403(b) Plan,<br><br>                     Plaintiff,<br>    v.<br><br>THE UNIVERSITY OF VERMONT MEDICAL CENTER, INC., the BOARD OF TRUSTEES OF THE UNIVERSITY OF VERMONT MEDICAL CENTER, THE D.C. FIDUCIARY INVESTMENT COMMITTEE, and JOHN DOES 1-45,<br><br>                     Defendants. | Case No. 2:23-CV-00087 (GWC) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In support of their Motion to Dismiss (Dkt. Nos. 14, 33), Defendants respectfully submit this Notice of Supplemental Authority on the Second Circuit's decision in *Cunningham v. Cornell Univ.*, No. 21-114-CV, 2023 WL 7504142, --- F.4th --- (2d Cir. Nov. 14, 2023) (attached as Exhibit A) and a Southern District of New York decision, *Boyette v. Montefiore Med. Ctr.*, 22-cv-5280, 2023 WL 7612391 (S.D.N.Y. Nov. 13, 2023) (attached as Exhibit B).

In *Cunningham*, the Second Circuit assessed whether plaintiffs alleged a prohibited transaction claim based on the complaint's allegations that the plans at issue paid an excessive amount for recordkeeping fees. In affirming dismissal of the complaint's prohibited transaction claim, the Second Circuit explained that "it is not enough to allege that the fees were higher than some theoretical alternative service. Whether fees are excessive or not is relative 'to the services rendered,' . . . and it is not unreasonable to pay more for superior services. Yet, here, Plaintiffs have failed to allege any facts going to the relative quality of the recordkeeping services

Downs
Rachlin
Martin PLLC

provided . . . ." *Id*. at *10 (citation omitted) (quoting *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010)).

In *Boyette*, the court found that "the plaintiffs lack[ed] standing to assert their claims that they paid excessive recordkeeping charges" because the complaint did not allege "the recordkeeping fees each of them actually paid." 2023 WL 7612391, at *4–5. The court explained that "[a] participant's fees may be well below the range of reasonableness advanced by the plaintiffs, depending on the participant's account balance . . . [and] without setting forth what they individually paid each year in recordkeeping fees, they cannot allege that the fees they paid were unreasonable or outside the range of reasonableness . . . ." *Id*. at *4. The court also found that the plaintiffs "lack[ed] standing to assert their claims that the funds in which the Plan invested had excessive expense ratios or were underperforming funds because the plaintiffs did not invest in any of those funds." *Id*. at *5.

In the alternative, the court found that plaintiffs failed to allege a breach of fiduciary duty of prudence claim for excessive recordkeeping fees because plaintiffs "failed to allege with specificity what recordkeeping services the Plan received, nor do they plead that the services provided by the recordkeepers for the comparator plans were the same as those provided by the Plan's recordkeepers." *Id*. at *6. Lastly, the court ruled that plaintiffs failed to plead a breach of fiduciary duty of prudence for the inclusion of funds with a share class that was more expensive than other available share classes. *Id*. The court explained that "[t]here is no question that the plaintiffs received a benefit from the higher cost share classes. The plaintiffs' contention that the more expensive share classes 'were the same in every respect other than price to their less

expensive counterparts' is unavailing and insufficient to plead a plausible breach of the fiduciary duty of prudence." *Id*.

Dated: December 4, 2023
Burlington, Vermont

Respectfully submitted,

DOWNS RACHLIN MARIN PLLC

By: /s/ *Timothy C. Doherty, Jr.*
Timothy C. Doherty, Jr.
Tristram J. Coffin
199 Main Street, P.O. Box 190
Burlington, VT 05402-0190
Telephone: 802-863-2375
E-mail: tcoffin@drm.com
E-mail: tdoherty@drm.com

NIXON PEABODY LLP

By: /s/ *Ian C. Taylor*
Ian C. Taylor*
Jennifer K. Squillario*
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Telephone: (202) 585-8077
Facsimile: (833) 755-2952
itaylor@nixonpeabody.com
jsquillario@nixonpeabody.com
*pro hac vice motion pending

Charles M. Dyke*
One Embarcadero Center
32nd Floor
San Francisco, CA 94111-3600
Telephone: (415) 984-8315
Facsimile: (844) 540-4098
cdyke@nixonpeabody.com
*pro hac vice motion pending

**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, I electronically filed the foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

/s/ *Timothy C. Doherty, Jr.*
Timothy C. Doherty, Jr.

22439692.1