U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2024 MAR -1  AM 9: 32

CLERK
BY_____
DEPUTY CLERK

TYLER BAKER, individually and on behalf
of The University of Vermont Medical Center
403(b) Plan,

       Plaintiff,

vs.

THE UNIVERSITY OF VERMONT
MEDICAL CONTER, INC.; the BOARD OF
TRUSTEES OF THE UNIVERSITY OF
VERMONT MEDICAL CENTER; THE D.C.
FIDUCIARY INVESTMENT COMMITTEE;
and JOHN DOES 1-45,

       Defendants.

Case No. 2:23-cv-00087 (GWC)

## STIPULATED DISCOVERY SCHEDULE/ORDER

The parties submit the following Discovery Schedule pursuant to Local Rule 26(a)(2):

## INTRODUCTION

1.    In this case, discovery may be needed on the following subjects: (1) the administration of The University of Vermont Medical Center 403(b) Plan (the "Plan"); (2) compensation paid by the Plan to third party service providers; (3) services provided to the Plan by third party services providers; (4) investments included on the Plan's menu of investments; (5) depositions of Defendants, Plaintiff, and the Plan's fiduciaries regarding the administration of the Plan; and (6) alleged losses and damages.

Unless noted here to the contrary and in more detail, discovery in this matter shall not be conducted in phases or limited to particular, enumerated issues.

1

2.     The parties have conferred about disclosure, discovery, and preservation of electronically stored information ("ESI"). Unless noted otherwise, ESI shall be produced in the following format(s): Documents will be produced in the form of single-page, Group IV TIFFs at 300 dpi. Each TIFF image should be named as its corresponding Bates number. Original document orientation should be maintained (*i.e.*, portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image files so that they appear when the document is printed. TIFF image files will be provided in a self-identified "Images" folder.

The parties agree that the only files that should be produced in native formats are files not easily converted to image format, such as excel spreadsheets, database files, and PowerPoint presentations. If there are non-printable files in the production set (mpg, wav, mdb, etc.), they should be produced as native files. The parties shall meet and confer about additional requests for native production of specific documents. Documents produced natively should be accompanied by a slip sheet image with a corresponding Bates number stating, "Document Produced Natively". All files produced in native format will be provided in a self-identified "Natives" folder. Native files will be labeled by assigning a Bates number as the filename (e.g. ABC0000001.xlsx). The load file will include a field containing the complete file path and filename for the corresponding native file in the production.

Absent a showing of good cause, ESI productions shall include relevant metadata. The parties are only obligated to provide the following metadata for all ESI produced: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Time Created, Date Modified, Time Modified, MD5 Hash, File Size, File Extension, Bates Number Begin, Bates Number End,

Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof). To the extent such fields exist, a standard Concordance DAT (.DAT) file, in UTF-8 format, containing the metadata fields shall be provided.

For each document, a document level extracted text or OCR file should be provided along with its corresponding TIFF image file(s) and metadata. The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .txt. Text files should be provided in a self-identified "Text" folder. Scanned images must be OCR'd to ensure they are searchable prior to any keyword searching.

Parent-Child Relationships: The association between emails and their attachments should be preserved. The producing party shall produce email attachments sequentially after the parent email. Load files shall maintain a cross reference between the parent and any children (Attachment Begin/Attachment End).

Documents should be provided with Relativity-compatible image and data load files (*i.e.*, .OPT and .DAT files) using standard delimiters. Relativity-compatible image and data load files should be provided in a self-identified "Data" folder. Documents should also be produced with a text load file (.1st) or text path in the .DAT file.

Productions should be produced via secure file transfer site or an encrypted CD, DVD, or thumb/hard drive.

3.      The parties have conferred about claims of privilege and claims of protection as trial-preparation materials. The parties have agreed on the following procedure to assert these claims after production: any party asserting claims of privilege will provide a privilege log as required by Federal Rule of Civil Procedure 26(b)(5). Unless specifically requested in a filing with

this court, the parties agreed procedure will not be the subject of a court order under Federal Rule of Evidence 502.

4.      Any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for this District shall be specifically described below.

## DEADLINES

### Discovery Deadlines

5.      **Initial Disclosures.** The parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before March 14, 2024.

6.      **Interrogatories and Document Requests.** The parties shall serve their first sets of interrogatories and requests for production on or before March 28, 2024.

      a.      Absent leave of court, each side shall be limited to 20 interrogatories, inclusive of subparts to such interrogatories.

      b.      Absent leave of court, each side shall be limited to 25 requests for production of documents, inclusive of subparts.

7.      **Requests For Admission.** The parties shall serve all requests for admission on or before August 2, 2024.

8.      **Non-Expert Depositions.** Depositions of all non-expert witnesses shall be completed by August 9, 2024.

9.      **Plaintiff's Expert Disclosures.** Plaintiff shall submit expert witness reports on or before September 6, 2024.

10.     **Defendants' Expert Disclosures.** Defendants shall submit expert witness reports on or before September 27, 2024.

11.     **Parties' Rebuttal Expert Disclosures**. The Parties shall submit rebuttal expert reports on or before October 18, 2024.

12.     **Expert Depositions.** Depositions of all expert witnesses shall be completed by November 15, 2024.

13.     **Discovery Cut-Off.** All discovery shall be completed by November 15, 2024.

**Mediation**

14.     The Early Neutral Evaluation session shall be conducted on or before August 30, 2024, at 5:00 p.m. Eastern. Pursuant to Local Rule 16.1(d)(4), the parties will file a stipulation regarding the mediator of their choice.

**Deadlines for Motions**

15.     **Amendments to the Pleadings.** Motions for joinder of parties and amendments to the pleadings may be filed without leave of Court on or before April 19, 2024.

16.     **Class Certification.** Plaintiff shall file his motion for class certification on or before August 30, 2024.

17.     **Summary Judgment.** Motions for summary judgment and *Daubert* motions, if any, shall be filed on or before December 12, 2024.

**Trial**

18.     Motions relating to the conduct of the trial, including motions in limine, shall be filed on or before May 30, 2025.

19.     This case shall be ready for trial by June 27, 2025.

Dated this 29th day of February, 2024.

By: /s/  *Russell Barr*
**BARR LAW GROUP**
Russell Barr, Esq.
125 Mountain Road
Stowe, Vermont 05672
Telephone: (802) 253-6272
Email: russ@barrlaw.com

By: /s/  *Eric Lechtzin*
**EDELSON LECHTZIN LLP**
Eric Lechtzin, Esq.*
Marc H. Edelson, Esq.*
411 S. State Street, Suite N-300
Newtown, Pennsylvania 18940
Telephone: (215) 867-2399
Email: elechtzin@edelson-law.com
Email: medelson@edelson-law.com

**McKay Law, LLC**
Michael C. McKay, Esq.*
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

*admitted *pro hac vice*

**Attorneys for Plaintiff and the Class**

By: /s/ *Timothy C. Doherty, Jr.*
**DOWNS RACHLIN MARTIN PLLC**
Timothy C. Doherty, Jr.
Tristram J. Coffin
199 Main Street, P.O. Box 190
Burlington, VT 05402-0190
Telephone:  802-863-2375
E-mail: tcoffin@drm.com
E-mail: tdoherty@drm.com

By: /s/ *Ian C. Taylor*
**NIXON PEABODY LLP**
Ian C. Taylor*
Jennifer K. Squillario*
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Telephone: (202) 585-8077
Facsimile: (833) 755-2952
itaylor@nixonpeabody.com
jsquillario@nixonpeabody.com
*admitted pro hac vice

Charles M. Dyke*
One Embarcadero Center
32nd Floor
San Francisco, CA 94111-3600
Telephone: (415) 984-8315
Facsimile: (844) 540-4098
cdyke@nixonpeabody.com
*admitted pro hac vice

**Attorneys for Defendants**

In re:  Baker v. The University of Vermont Medical Center, Inc. *et al* _____   Case No. 2:23-CV-87

**APPROVED and SO ORDERED.**

Dated at Burlington, in the District of Vermont, this 1st day of March, 2024.

*/s/* Geoffrey W. Crawford
Chief Judge  U.S. District Cout

22621668.1